UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.                                                                                                          Civil No. 03-5765 (JNE/FLN)
                                                                                                                                                                ORDER

3234 Washington Avenue North, Minneapolis,
Minnesota, Hennepin County, with all buildings,
fixtures, improvements and appurtenances thereto,

        Defendant,

and

Minnesota Church of Angels,

        Claimant.

Plaintiff brought this action to forfeit the real property located 3234 Washington Avenue North, Minneapolis (Property). The Minnesota Church of Angels (MCA) contested the forfeiture. The case was tried to a jury in January 2008. The jury found that the Property was not used to commit or to facilitate the commission of a violation of the Controlled Substances Act punishable by more than one year of imprisonment, and judgment in favor of the MCA was entered. Plaintiff now moves for a certificate of reasonable cause, and the MCA moves for an award of attorney fees and costs.[1] For the reasons set forth below, the Court grants Plaintiff's motion for a certificate of reasonable cause and awards $77,315.14 in fees and costs to the MCA.

*Certificate of reasonable cause*

Upon the entry of a judgment for the claimant in a proceeding to forfeit property seized under federal law, a court shall enter a certificate of reasonable cause if it appears that there was

---

[1] The MCA also requests permission to file an attachment to its counsel's affidavit under seal. The Court grants the request.

reasonable cause for the seizure. 28 U.S.C. § 2465(a)(2) (2000). Here, there was reasonable cause for the seizure of the Property. *Cf. United States v. 3234 Washington Ave. N.*, 480 F.3d 841, 843 (8th Cir. 2007) ("We have no doubt that this evidence, if credited by the finder of fact, would satisfy the government's burden to prove a 'substantial connection' between the [MCA's] clubhouse property and violations of the federal drug laws punishable by more than one year's imprisonment."). The Court therefore grants Plaintiff's motion for a certificate of reasonable cause.

*Attorney fees and litigation costs*

Where a certificate of reasonable cause issues, the Civil Asset Forfeiture Reform Act of 2000 (CAFRA) provides that "neither the person who made the seizure . . . nor the prosecutor shall be liable to suit or judgment on account of such suit or prosecution, nor shall the claimant be entitled to costs, except as provided in subsection (b)." 28 U.S.C. § 2465(a)(2). With exceptions not at issue here, section 2465(b) provides that the United States shall be liable for "reasonable attorney fees and other litigation costs reasonably incurred by the claimant" in any civil proceeding to forfeit property under federal law in which the claimant substantially prevails. *Id.* § 2465(b)(1)(A). In this case, it is undisputed that the MCA prevailed. The MCA seeks an award of fees and costs in the amount of $78,682.12. Plaintiff maintains that the Court should award a lesser amount.

Plaintiff first notes that courts have reached different conclusions with regard to whether the Equal Access to Justice Act (EAJA) applies to awards of attorney fees under section 2465. *Compare United States v. $60,201.00 U.S. Currency*, 291 F. Supp. 2d 1126, 1130 (C.D. Cal. 2003) ("[T]he Court finds that the attorney fees should not be subject to EAJA fee caps here."), *with United States v. $46,000 in U.S. Currency*, Civ. No. 02-6805, slip op. at 1 (E.D. Pa. Jan. 20,

2005) ("[T]he Court will apply the [EAJA] fee caps to the [CAFRA]."). The Court declines to apply the EAJA here: "[T]he EAJA and CAFRA are irreconcilably at odds. Section 2465(b)(2)(A) expressly and unequivocally provides that '[t]he United States shall not be required to . . . make any other payments to the claimant *not specifically authorized by this subsection*.' Thus, CAFRA is exclusive of all other remedies." *United States v. Khan*, 497 F.3d 204, 211 (2d Cir. 2007) (alteration in original) (footnote omitted).

Plaintiff next argues that the Criminal Justice Act (CJA), 18 U.S.C. § 3006A (2000 & Supp. V 2005), should apply to the MCA's fee request. Plaintiff relies on the CAFRA's provisions that allow for appointment of counsel in two situations. The first provides:

> If a person with standing to contest the forfeiture of property in a judicial civil forfeiture proceeding under a civil forfeiture statute is financially unable to obtain representation by counsel, and the person is represented by counsel appointed under section 3006A of this title in connection with a related criminal case, the court may authorize counsel to represent that person with respect to the claim.

18 U.S.C. § 983(b)(1)(A) (2000). The second states:

> If a person with standing to contest the forfeiture of property in a judicial civil forfeiture proceeding under a civil forfeiture statute is financially unable to obtain representation by counsel, and the property subject to forfeiture is real property that is being used by the person as a primary residence, the court, at the request of the person, shall insure that the person is represented by an attorney for the Legal Services Corporation with respect to the claim.

*Id.* § 983(b)(2)(A). For representation under section 983(b), the court shall set compensation "equivalent to that provided for court-appointed representation under section 3006A of this title." *Id.* § 983(b)(3). Because the CAFRA included the attorney-fee provisions of section 2465(b) and section 983(b), Plaintiff asserts that the provisions should be interpreted consistently. Thus, Plaintiff argues that the CJA should apply to the MCA's fee request under section 2465(b). The Court is not persuaded by Plaintiff's argument. Had Congress intended to equate "reasonable attorney fees" under section 2465(b)(1)(A) to compensation set under section 3006A, it would

3

have used language in section 2465(b)(1)(A) similar to that of section 983(b)(3).  Instead, section 2465(b)(1)(A) authorizes recovery of "reasonable attorney fees."  Accordingly, the Court declines to limit the MCA's recovery of fees by the rates specified in the CJA.

To determine the amount of attorney fees reasonably incurred by the MCA, the Court begins with "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly."  *Id.*  In addition, hours not "reasonably expended" must be excluded from the initial calculation.  *Id.* at 434.  The court may adjust the fee calculation based on several factors:  (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Id.* at 434 n.9 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).  The initial calculation usually accounts for many of the factors.  *Id.*  Explicit and exhaustive analysis of the factors is not required in every case.  *Griffin v. Jim Jamison, Inc.*, 188 F.3d 996, 997 (8th Cir. 1999).

"A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated."  *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001).  In determining a reasonable hourly rate, a district court may rely on its own knowledge of

prevailing market rates. *Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2005). Here, the MCA bases its requests on hourly rates of $125 per hour, $200 per hour, and $225 per hour for attorney time and $25 per hour for paralegal time. These rates are reasonable.

As to the hours worked, the MCA claims four hours for attorney time at $125 per hour. These hours relate to research regarding the Fifth Amendment. The Court concludes that these hours were reasonably expended.

The MCA claims 319.4 hours for attorney time at $200 per hour.[2] These hours relate to the assertion of the MCA's claim, discovery proceedings, the MCA's opposition to Plaintiff's motion for summary judgment, the MCA's successful appeal to the Eighth Circuit,[3] and proceedings on remand that culminated in a jury verdict in favor of the MCA. Plaintiff objects to a portion of these hours as insufficiently related to the litigation, but the Court concludes that the hours were reasonably expended on the litigation.

The MCA claims fifteen hours of attorney time at $225 per hour. These hours relate to the MCA's reply to Plaintiff's memorandum in response to the MCA's motion for fees and costs. These hours were reasonably expended.

Finally, the MCA claims 95.7 hours of paralegal time. Plaintiff did not object to these hours, but the record reveals that a substantial number of these hours are improperly claimed. The MCA claims 69.7 hours of paralegal time from mid-March through April 2005. The record

---

[2] Initially, the MCA claimed 323.9 hours for attorney time at $200 per hour. Plaintiff objected to a portion of these hours as insufficiently documented. The MCA adequately documented most of the hours and concedes that a reduction of 4.5 hours is warranted. Thus, the MCA claims 319.4 hours at $200 per hour.

[3] To recover fees incurred on appeal, the MCA should have filed a motion in the Eighth Circuit. *See* 8th Cir. R. 47C(a); *Little Rock Sch. Dist. v. Arkansas*, 127 F.3d 693, 696 (8th Cir. 1997). The Court nevertheless exercises its discretion to include fees incurred on appeal in the award. *See Little Rock Sch. Dist.*, 127 F.3d at 696-97.

5

reveals no paralegal hours in that period. Instead, costs in the amount of $69.70 appear. The Court eliminates the hours of paralegal time mistakenly claimed by the MCA. Thus, twenty-six hours of paralegal time remain. The Court concludes that these hours were reasonably expended.

Application of the hourly rates to the hours reasonably devoted to this litigation yields $68,405 for attorney and paralegal time. The Court concludes that this amount is reasonable.

The MCA also seeks to recover $9,228.14 in litigation costs.[4] Plaintiff does not object to these expenses. The Court nevertheless reduces the amount claimed by $318 to eliminate double recovery.[5] Thus, the Court awards the MCA $8,910.14 in litigation costs.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The MCA's Motion for Attorney Fees and Litigation Costs [Docket No. 136] is GRANTED.

2. Fees and costs in the amount of $77,315.14 are awarded to the MCA.

3. The MCA may file Attachment 2 to the Affidavit of Deborah Ellis [Docket No. 137] under seal.

4. Plaintiff's Motion for Certificate of Reasonable Cause [Docket No. 140] is GRANTED.

5. Pursuant to 28 U.S.C. § 2465(a)(2), it is certified that reasonable cause existed for the seizure of the Property.

Dated: May 1, 2008

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

[4] Initially, the MCA sought $8,971.10 in litigation costs. The MCA sought an additional $257.04 in its reply.

[5] The MCA seeks to recover $318 for an expense dated May 20, 2005, and $389.55 for expenses incurred from May 20 to June 29, 2005. The latter includes the former.